UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

CHRISTOPHER MARK LESTER
*on behalf of the Estate of*
Barbara Ann Lester,

      Plaintiff,

v.                               CIVIL ACTION NO. 5:22-cv-00324

CONSOLIDATION COAL COMPANY,
CONSOL ENERGY, INC., *insurer*,
ROBERT E. MURRAY,
JASON D. WITT, and
RONNIE D. DIETZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Defendants Consolidation Coal Company ("Consolidation Coal") and CONSOL Energy, Inc.'s (collectively referred to as the "Defendants"[1]) Motion for Judgment on the Pleadings [ECF 10], filed September 7, 2022. Plaintiff Christopher Mark Lester responded in opposition [ECF 15] on September 21, 2022, to which the Defendants replied [ECF 16] on September 28, 2022.

---

[1] The Defendants' memorandum in support states it is defense counsel's "understanding that the named individual defendants [Robert E. Murray, Jason D. Witt, and Ronnie D. Dietz] have not been served with the Plaintiff's Complaint." [ECF 13 at 1, n.2]. The memorandum also states Mr. Murray passed away in October 2020, while Mr. Whitt and Mr. Dietz left their employment with Consolidation Coal in September 2020. *Id.* The docket sheet reflects the summonses for all three individuals were left with "Heather – Security," on August 19, 2022. [*See* ECF Nos. 7-9]. Without prejudice to a showing otherwise within ten (10) days, the Court will presume that "Heather – Security" is a Consolidation Coal employee, and the summonses were left at the individual Defendants' previous place of employment.

# I.

On August 5, 2022, Christopher Lester, acting as administrator of the Estate of Barbara Ann Lester, instituted this action. He alleges the Defendants paid his benefits untimely. He seeks to recover, *inter alia*, 20% additional compensation and interest under the Black Lung Benefits Act ("BLBA"), 30 U.S.C. §§ 901-945. The relevant facts are as follows.

Archie Lester worked for at least thirteen years as a coal miner for Consolidation Coal. During that time, he contracted black lung disease. On September 11, 2004, Mr. Lester passed away. Prior to his death, he sought, but was ultimately denied, occupational disease benefits under the BLBA. On December 28, 2015, Mr. Lester's widow, Barbara Ann Lester, filed for survivor's benefits under the BLBA. On June 1, 2018, the Director of the Department of Labor's Office of Workers' Compensation Programs ("OWCP") issued a Revised Proposed Decision and Order[2] awarding back payment benefits to Mrs. Lester from September 2004 through May 2018, totaling $101,555.30, in addition to benefits "on an ongoing and monthly basis in the future." [ECF 1 ¶ 29]. Consolidation Coal timely appealed the Director's Proposed Decision and Order to the Department of Labor's Office of Administrative Law Judges ("OALJ").

On December 25, 2018, before the OALJ heard and decided the appeal, Mrs. Lester passed away. Christopher Lester was subsequently appointed as the administrator of her Estate. He continued the pursuit of black lung benefits for the Estate. On January 29, 2020, Administrative Law Judge Teresa Timlin issued a decision awarding benefits to Mrs. Lester's Estate, "including back-payment of medical and indemnity benefits." [ECF 1 ¶ 34]. Consolidation Coal appealed to

---

[2] The Revised Proposed Decision and Order vacated the Director's April 5, 2017, decision, denying benefits to Mrs. Lester.

the Department of Labor's Benefits Review Board ("BRB"). On August 11, 2021, the BRB affirmed.

On August 12, 2022, the OWCP notified the Defendants by mail of the amount of benefits and reimbursement due, respectively, to Mrs. Lester's Estate and the Black Lung Disability Trust Fund. Absent payment within ten days of the date due, Defendants were advised they may be subject to payment of additional compensation of up to 20% of the amount due in accord with 20 C.F.R. § 725.607. On August 29, 2022, Defendants received the OWCP's letter and paid all outstanding benefits owed to Mrs. Lester's Estate on September 2, 2022. This payment appears to have discharged the Defendants' legal obligations.

As noted in Defendants' brief, however, the Complaint omits the discharge allegations. Furthermore, Plaintiff's response brief concedes the point: "The material facts of this case are not in dispute, and are incorporated by reference from the Defendants' Memorandum in Support of their Motion for Judgment on the Pleadings." [ECF 15 at 2].

Counsel for Mrs. Lester's Estate also sought attorney's fees and costs incurred in defending the appeal before the OALJ and the BRB. On April 26, 2022, Judge Timlin awarded the fees and costs related to the proceedings before the OALJ, totaling $8,492.85. Judge Timlin declined, however, to exercise her discretion to award fees and costs associated with the entirety of the litigation. Counsel was instead directed to submit another fee petition to the Director of the OWCP. Counsel for Mrs. Lester's Estate filed that petition, which remains pending before the Director.

The Complaint alleges as follows:

> On June 24, 2022, [counsel for the Estate] corresponded with counsel for Consolidation Coal and demanded payment of the backpayment of $101,555.30 plus [the] 20% late penalty of $20,311.06, pursuant to 20 C.F.R. § 725.607, totalling [sic] $121,866.36 before the assessment of interest, as well as the fees and expenses

3

> equalling [*sic*] $8,492.86, plus $1,698.57 as the 20% late penalty, totalling [*sic*] $10,191.43 in fees and expenses before assessment of interest.

[ECF 1 ¶ 43]. At the time the Complaint was filed on August 5, 2022, the Defendants had made no payments to Mrs. Lester's Estate.

The Defendants now seek dismissal of the Complaint, given their assertion that pursuant to 20 C.F.R. § 725.502(b)(2), the benefits owed to Mrs. Lester's Estate did not become "due" until thirty days after the issuance of the OWCP's August 2022 letter. In other words, the Defendants maintain that the earliest the benefits were due to Mrs. Lester's Estate was September 11, 2022. Inasmuch as the Defendants paid the benefits to the Estate within, and actually prior to, the ten-day grace period of when such benefits became "due," they contend there is no basis upon which to deem their payment untimely to trigger application of the 20% late penalty under 20 C.F.R. § 725.607(a). Defendants thus seek judgment on the pleadings, given Plaintiff's failure to allege facts permitting a determination as to when the black lung benefits became "due" to Mrs. Lester's Estate.

## II.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion "is assessed under the same standard that applies to a Rule 12(b)(6) motion." *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). The Court thus views "the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the non-moving party." *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). "A motion for judgment on the pleadings under Rule 12(c) may be granted only if all material issues can be resolved on the pleadings by the district court;

4

otherwise, a summary judgment motion or full trial is necessary." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1368 (3d ed. 2022).

The Court must accept all well pleaded factual allegations in the non-moving party's pleading as true and reject all contravening assertions in the moving party's pleadings. *See id.* The Court need not, however, "accept allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). In resolving a Rule 12(c) motion, the court may consider instruments or documents attached to the pleadings, "as well as [documents] attached to the motion . . . so long as they are integral to the [pleadings] and authentic." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013).

As dictated by the Rule 12(c) standard, the Court is only permitted to consider those facts contained within the four corners of the Plaintiff's Complaint -- the only existing pleading in this matter -- in determining whether all material issues can be resolved on the parties' pleadings. As noted, the Complaint is devoid of certain material facts, namely those related to the OWCP's August 2022 computation letter. Those allegations are critical to a proper analysis.

### III.

Accordingly, Plaintiff is given leave to amend, no later than April 13, 2023, in order to supply the subject allegations. The Court **DENIES WITHOUT PREJUDICE** the Motion for Judgment on the Pleadings [**ECF 10**]. Given the Court's disposition of Defendants' Motion for Judgment on the Pleadings herein, the Court **DENIES AS MOOT** Defendants' Motion for Status Conference and/or Oral Argument Regarding Pending Motion [**ECF 23**].

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to all counsel of record and to any unrepresented parties.

ENTER: April 5, 2023

Frank W. Volk
United States District Judge