UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

CHRISTOPHER MARK LESTER
*on behalf of the Estate of*
Barbara Ann Lester,

       Plaintiff,

v.                                        CIVIL ACTION NO.  5:22-cv-00324

CONSOLIDATION COAL COMPANY,
CONSOL ENERGY, INC., *insurer*,
ROBERT E. MURRAY,
JASON D. WITT, and
RONNIE D. DIETZ,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Defendants Consolidation Coal Company ("Consolidation Coal") and CONSOL Energy, Inc.'s (collectively referred to as the "Defendants"[1]) Motion for Summary Judgment [ECF 33], filed June 14, 2023, and Plaintiff Christopher Mark Lester's Cross Motion for Summary Judgment [ECF 36], filed June 28, 2023.

---

[1] The Defendants' memorandum in support states it is defense counsel's "understanding that the named individual defendants [Robert E. Murray, Jason D. Witt, and Ronnie D. Dietz] have not been served with the Plaintiff's Complaint." [ECF 34 at 1, n.2]. The memorandum also states Mr. Murray passed away in October 2020, while Mr. Whitt and Mr. Dietz left their employment with Consolidation Coal in September 2020. *Id.* The docket sheet reflects the summonses for all three individuals were left with "Heather – Security," on August 19, 2022. [*See* ECF Nos. 7-9]. The Court presumes that "Heather – Security" is a Consolidation Coal employee, and the summonses were left at the individual Defendants' previous place of employment.

**I.**

On August 5, 2022, Christopher Lester, acting as administrator of the Estate of Barbara Ann Lester, instituted this action. He alleges the Defendants paid his benefits untimely. He seeks to recover, *inter alia*, 20% additional compensation and interest under the Black Lung Benefits Act ("BLBA"), 30 U.S.C. §§ 901-945. The undisputed facts are as follows.

Archie Lester worked for at least thirteen years as a coal miner for Consolidation Coal. During that time, he contracted black lung disease. On September 11, 2004, Mr. Lester passed away. Prior to his death, he sought, but was ultimately denied, occupational disease benefits under the BLBA. On December 28, 2015, Mr. Lester's widow, Barbara Ann Lester, filed for survivor's benefits under the BLBA. On June 1, 2018, the Director of the Department of Labor's Office of Workers' Compensation Programs ("OWCP") issued a Revised Proposed Decision and Order[2] ("PDO") awarding back-payment benefits to Mrs. Lester from September 2004 through May 2018, totaling $101,555.30, in addition to "$660.10 per month for the remainder of Mrs. Lester's lifetime." [ECF 29 ¶ 29]. Consolidation Coal timely requested a hearing respecting the Director's PDO with the Department of Labor's Office of Administrative Law Judges ("OALJ"). [*Id.* at ¶¶ 31, 34].

On December 25, 2018, prior to the hearing before the OALJ, Mrs. Lester passed away. Christopher Lester was subsequently appointed as the administrator of her Estate. He continued the pursuit of black lung benefits for the Estate. On June 6, 2019, an evidentiary hearing before Administrative Law Judge Teresa Timlin was held. [*Id.* at ¶ 34]. On January 29, 2020,

---

[2] The Revised Proposed Decision and Order vacated the Director's April 5, 2017, decision, denying benefits to Mrs. Lester. [*See* ECF 36-2 at 2; ECF 36-3 at 2].

Judge Timlin issued a decision awarding back-payment benefits[3] to Mrs. Lester's Estate from the date of Mr. Lester's death in September 2004. [*See* ECF 36-3 at 13]. Consolidation Coal appealed to the Department of Labor's Benefits Review Board ("BRB"). [ECF 29 at ¶ 36]. On August 11, 2021, the BRB affirmed, and no further appeals were taken. [*Id.* at ¶ 37].

On August 25, 2022, the OWCP Director mailed a computation letter[4] dated August 12, 2022, to the parties notifying Defendants of the amount of benefits and reimbursement due to Mrs. Lester's Estate. [*Id.* at ¶ 46]. Absent payment within ten days of the date due, Defendants were advised they may be subject to payment of additional compensation of up to 20% of the amount due in accord with 20 C.F.R. § 725.607. [ECF 34 at 4-5]. On August 29, 2022, Defendants received the OWCP Director's computation letter and paid all outstanding benefits owed to Mrs. Lester's Estate on September 2, 2022. [ECF 29 at ¶ 48].

Counsel for Mrs. Lester's Estate also sought attorney's fees and costs incurred in defending the claims before the OWCP, OALJ, and the BRB. [*Id.* at ¶¶ 38, 39, 44]. On April 26, 2022, Judge Timlin awarded the fees and costs related to the proceedings before the OALJ, totaling $8,492.85, which Defendants paid on December 22, 2022. [*Id.* at ¶ 51]. Judge Timlin declined, however, to exercise her discretion to award fees and costs associated with the entirety of the litigation. [*Id.*]. Counsel was instead directed to submit another fee petition to the OWCP Director. [*Id.*]. On July 11, 2022, counsel for Mrs. Lester's Estate filed that petition. [*Id.* at ¶ 44]. On September 7, 2022, the OWCP awarded attorney's fees totaling $1,850.00, which Defendants timely paid on September 23, 2022. [*Id.* at 49]. The Complaint alleges as follows:

---

[3] Judge Timlin did not award monthly benefits, presumably because Mrs. Lester had passed away while the matter was pending before the OALJ.

[4] The record does not appear to contain a copy of the August 12, 2022, letter.

3

> On June 24, 2022, [counsel for the Estate] corresponded with counsel for Consolidation Coal and demanded payment of the back-payment of $101,555.30 plus [the] 20% late penalty of $20,311.06, pursuant to 20 C.F.R. § 725.607, totaling $121,866.36 before the assessment of interest, as well as the fees and expenses equaling $8,492.86, plus $1,698.57 as the 20% late penalty, totaling $10,191.43 in fees and expenses before assessment of interest.

[*Id.* at ¶ 43].  At the time the Complaint was filed on August 5, 2022, Defendants had made no payments to Mrs. Lester's Estate.

Reduced to its essence, the parties dispute the date the back-payment benefits owed to Mrs. Lester's Estate became due. Defendants contend pursuant to 20 C.F.R. § 725.502(b)(2), the benefits did not become due until thirty days after issuance of the OWCP's August 2022 computation letter. Specifically, Defendants maintain benefits were due on September 11, 2022, at the earliest -- thirty days after August 12, 2022, the date the letter was dated -- or September 24, 2022, at the latest -- thirty days after August 25, 2022, the date the letter was actually mailed. Inasmuch as Defendants paid the benefits on September 2, 2022, and thus within, and actually prior to, the ten-day grace period of when such benefits became due under either deadline, they contend there is no basis upon which to deem their payment untimely to trigger application of the 20% late penalty under 20 C.F.R. § 725.607(a). Defendants thus move for summary judgment on this basis.

Conversely, Plaintiff contends the benefits owed to the Estate became due on July 1, 2018, thirty days after issuance of the OWCP's June 1, 2018, PDO inasmuch as Defendants never sought a stay of the same prior to its hearing request with the OALJ. Plaintiff thus contends it is entitled to summary judgment and a 20% late penalty under 20 C.F.R. § 725.607 plus interest on both the back-benefits owed to the Estate and Judge Timlin's April 26, 2022, fee award inasmuch as Defendants failed to timely pay the same within the ten-day grace period after such payments became due.

## II.

### A.      *Governing Standard*

*Federal Rule of Civil Procedure* 56 provides that summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 246 (1986). "The nonmoving party must do so by offering 'sufficient proof in the form of admissible evidence' rather than relying solely on the allegations of her pleadings." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993)). The Court must "view the evidence in the light most favorable to the [nonmoving] party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (internal quotation marks and citation omitted); *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018).

When faced with cross-motions for summary judgment, the Court applies the above standard and must consider "each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotation marks omitted). "The court . . . cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *see Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). In general, if "an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate" Fed. R. Civ. P. 56 advisory committee's note to 1963 amendment.

**B.**      *Due Date of Back-Payment Benefits*

As previously mentioned, the parties dispute the due date of the back-payment

benefits owed to Mrs. Lester's Estate. The parties agree, however, that 20 C.F.R. § 725.502 defines

the date upon which back-payment benefits become due under the BLBA. That regulation

pertinently provides as follows:

> (a)(1) Except with respect to benefits paid by the fund pursuant to an initial
> determination issued in accordance with § 725.418 (see § 725.522), benefits under
> the Act shall be paid when they become due. Benefits shall be considered due after
> the issuance of an effective order requiring the payment of benefits by a district
> director, administrative law judge, Benefits Review Board, or court,
> notwithstanding the pendency of a motion for reconsideration before an
> administrative law judge or an appeal to the Board or court, except that benefits
> shall not be considered due where the payment of such benefits has been stayed by
> the Benefits Review Board or appropriate court. An effective order shall remain in
> effect unless it is vacated by an administrative law judge on reconsideration, or,
> upon review under section 21 of the [Longshore and Harbor Workers'
> Compensation Act ("LHWCA")], by the Benefits Review Board or an appropriate
> court, or is superseded by an effective order issued pursuant to § 725.310.
>
> . . . .
>
>> (b)(2) Within 30 days after the issuance of an effective order requiring the
>> payment of benefits, the district director shall compute the amount of
>> benefits payable for periods prior to the effective date of the order, in
>> addition to any interest payable for such periods (see § 725.608), and shall
>> so notify the parties. Any computation made by the district director under
>> this paragraph shall strictly observe the terms of the order. Benefits and
>> interest payable for such periods shall be due on the thirtieth day following
>> the issuance of the district director's computation. A copy of the current
>> table of applicable interest rates shall be attached to the computation.

20 C.F.R. §§ 725.502(a)(1) and (b)(2). Simply stated, back-payment benefits "are due thirty days

after two conditions are fulfilled: (1) an effective compensation order has been issued; and (2) the

District Director computes the amount of benefits payable and provides notice to the parties."

*Thacker on behalf of Estate of Clevenger v. Old Republic Ins. Co.*, 416 F. Supp. 3d 651, 657 (E.D.

Ky. 2019) (citing 20 C.F.R. § 725.502); *see also Hudson v. Pine Ridge Coal Co., LLC*, No. 2:11-

00248, 2012 WL 386736, *6 (S.D.W. Va. Feb. 6, 2012). "A compensation order is the order rejecting the claim or making the award." *Thacker*, 416 F. Supp. 3d at 657-58 (citing 33 U.S.C. § 919(e)).[5]

A PDO issued by a district director "pursuant to § 725.418 becomes effective at the expiration of the thirtieth day thereafter if no party timely requests revision of the proposed decision and order or a hearing (see § 725.419)." 20 C.F.R. § 725.502(a)(2); *see also* 20 C.F.R. § 725.419(a) ("Within 30 days after the issuance of a [PDO], any party may, in writing, request a revision of the [PDO] or a hearing. If a hearing is requested, the district director shall refer the claim to the [OALJ]."); 20 C.F.R. 725.419(d) ("If no response to a proposed decision and order is sent to the district director within the period prescribed in paragraph (a) of this section, . . . the proposed decision and order shall become a final decision and order, *which is effective* upon the expiration of the applicable 30-day period.") (emphasis added). With respect to an order issued by an administrative law judge or the BRB, the former "becomes effective when it is filed in the office of the district director[,]" while the latter becomes effective when issued. 20 C.F.R. § 725.502(a)(2).

If benefits payable to a claimant under an award by a district director or a decision filed by an administrative law judge or the BRB are not paid within ten days after the same become due, 20 C.F.R. § 725.607 provides:

> [T]here will be added to such unpaid benefits an amount equal to 20 percent thereof, which must be paid to the claimant at the same time as, but in addition to, such benefits, unless review of the order making such award is sought as provided in section 21 of LHWCA and an order staying payments has been issued.

20 C.F.R. § 725.607(a). Once an operator is liable for the 20% additional compensation under §

---

[5] Title "33 U.S.C. § 919(e) is a LHWCA provision that is incorporated into the BLBA at 30 U.S.C. § 932(a)." *Thacker*, 416 F. Supp. 3d at 658, n. 4.

725.607(a), "the beneficiary shall also be entitled to simple annual interest computed from the date upon which the beneficiary's right to additional compensation first arose." 20 C.F.R. § 725.608(a)(3).

Plaintiff contends the District Director's June 1, 2018, PDO, which contained a computation of benefits therein, constitutes the effective order and computation triggering payment thirty days thereafter on July 1, 2018, inasmuch as Defendants never requested a stay of the Order. Such contention is unavailing when viewed in conjunction with the plain language of 20 C.F.R. § 725.502(a)(2). Indeed, the OWCP's June 1, 2018, PDO is not an "effective order" under § 725.502(a)(1) inasmuch as it is undisputed Defendants timely requested a hearing before the OALJ. As mentioned, § 725.502(a)(2) definitively provides a PDO issued by a district director "becomes *effective* at the expiration of the thirtieth day thereafter *if no party timely requests . . . a hearing*." 20 C.F.R. § 725.502(a)(2) (emphases added); *see also* 20 C.F.R. § 725.419. Moreover, the Director's June 1, 2018, PDO states as much on the cover letter attached thereto. [*See* ECF 36-2 at 1 ("Benefits shall be considered due after the issuance of an effective order requiring the payment of benefits by the District Director. The [PDO] becomes effective on the thirtieth (30th) day after issuance if no party timely requests revision or a hearing.")].

While a pending motion for reconsideration before an administrative law judge or a timely appeal of an administrative law judge's decision to the BLB does not pause the due date of back-payment benefits absent a stay by the BLB or appropriate court, the BLBA's regulations make clear a district director's PDO does not become "effective" and thus start the thirty-day clock after benefits have been computed by a district director if any party requests a hearing before the OALJ. Plaintiff's contention that the June 1, 2018, PDO constitutes an "effective order" is thus meritless. For these same reasons, Plaintiff's reliance on *Rice on behalf of Estate of Rice v.*

8

*Bituminous Casualty Corp.*, No. 6:21-cv-00173-REW-HAI, --- F. Supp. 3d --- 2023 WL 2808969 (E.D. Ky. Mar. 31, 2023) is misplaced.

        *Rice* clarified that while a defendant's appeal of an administrative law judge's order delays finality of the order, it does not impact its effectiveness once filed with the office of the district director under 20 C.F.R. § 725.502(a)(2); thus, the defendant's "payment obligation ripened irrespective of an appeal to the BRB and to the Circuit" given that no stay was requested. *Rice*, 2023 WL 2808969 at *7; *see also Nowlin v. Eastern Associated Coal Corp.*, 331 F. Supp. 2d 465, 472 (N.D.W. Va. 2004) (explaining an administrative law judge's order need not be final to be effective). While a stay of an administrative law judge's effective order is necessary to pause the thirty-day clock after a computation letter has been issued, the same requirement is not applicable to the district director's PDO, which, again, does not become an "effective order" if any party requests a hearing, irrespective of whether a stay is sought. Notably, the court in *Rice* never considered the district director's PDO therein could have constituted an effective order, presumably because the defendant timely requested a formal hearing before the OALJ. *See id.* at *1.

        Furthermore, Plaintiff's reliance on 20 C.F.R. §§ 725.522(a) and 725.420(c) as "supplemental authority" in support of its position that a 20% late penalty applies fares no better. Section 725.522(a) provides as follows:

> If an operator or carrier fails or refuses to commence the payment of benefits within 30 days of issuance of an initial determination of eligibility by the district director (see 725.420), or fails or refuses to commence the payment of any benefits due pursuant to an effective order by a district director, administrative law judge, Benefits Review Board, or court, the fund shall commence payment of such benefits and shall continue such payments as appropriate. In the event that the fund undertakes the payment of benefits on behalf of an operator or carrier, the provisions of §§ 725.601 through 725.609 shall be applicable to such operator or carrier.

20 C.F.R. § 725.522(a). Similarly, § 725.420(c) provides:

> If a notified operator refuses to commence payment of a claim within 30 days from the date on which an initial determination is made under this section, benefits shall be paid by the fund to the claimant in accordance with 725.522, and the operator shall be liable to the fund, if such operator is determined liable for the claim, for all benefits paid by the find on behalf of such operator, and, in addition, such penalties and interest *as appropriate*.

20 C.F.R. 725.420(c) (emphasis added). Both § 725.522(a) and § 725.420(c) simply require the Black Lung Disability Trust Fund ("the Fund") to begin payment of benefits in the event an operator fails to do so after an initial determination of eligibility is made or when such benefits become due. Once the Fund begins payment, operators become liable to the Fund for such payments in the event they are found liable for the claim and subject to the provisions of §§ 725.601 through 725.609, which would include the 20% late penalty set forth in § 725.607.

Neither regulation, however, automatically compels imposition of such penalty merely because the Fund begins payment. Rather, an independent analysis must still be made under § 725.607 to determine if the operator failed to timely pay benefits "within 10 days after such payments bec[a]me due." 20 C.F.R. § 725.607(a). As explained in detail above, under § 725.502, back-payment benefits do not become "due" until thirty-days after an effective compensation order has been issued and a district director provides a computation of benefits payable to the parties. Contrary to Plaintiff's assertion, however, the Director's June 1, 2018, PDO, is not an "effective order" as defined by § 725.502(a)(2) inasmuch as a hearing before the OALJ was requested by Defendants. Accordingly, the back-payment benefits awarded by the District Director under the PDO did not become

"due" within 30 days after the issuance thereof.[6]

Instead, both Judge Timlin's January 29, 2020, decision and the BRB's August 11, 2021, Order affirming the same constitute effective orders. Judge Timlin's decision became effective once filed in the office of the district director,[7] while the BRB's Order became effective the date it was issued on August 11, 2021. *See* 20 C.F.R. § 725.502(a)(2). An effective order alone, however, does not start the thirty-day clock. Rather, once an effective order is in place *and* the district director issues its computation of benefits to the parties, the thirty-day clock begins to run. *See* 20 C.F.R. § 725.502(b)(2); *Thacker*, 416 F. Supp. 3d at 657; *see also Rice*, 2023 WL 2808969 at *5 (explaining provided that an effective order is in place, "when the district director's computation of benefits issues, the thirty-day clock starts running.").

A district director is required under § 725.502(b)(2) to issue a computation "[w]ithin 30 days after the issuance of an effective order requiring the payment of benefits." For reasons unknown, the Director failed to do so in this instance. Instead, it was not until

---

[6] In addition to back-payment benefits, the Court notes the Director's PDO also awarded $660.10 in monthly benefits to Mrs. Lester for the remainder of her life. Unlike back-payment benefits, monthly benefits, "[w]hile an effective order requiring the payment of benefits remains in effect," become "due on the fifteenth day of the month following the month for which the benefits are payable." 20 C.F.R. § 725.502(b)(1). Simply put, "monthly benefits become due when [an] award bec[o]me[s] effective (without any prerequisite computation from the OWCP Director)." *Vialpando v. Chevron Mining, Inc.*, No. 18-251-BRB-SCY, 2018 WL 5017754, *4 (D.N.M. Oct. 16, 2018). To the extent Plaintiff contends Defendants also failed to timely pay the monthly benefits awarded under the PDO, such argument fails inasmuch as the PDO does not constitute an "effective order." Further, as noted in footnote two, monthly benefits were not awarded under Judge Timlin's January 29, 2020, decision or the BRB Order affirming the same.

[7] The record is devoid of the date Judge Timlin's January 29, 2020, decision was ultimately filed with the Office of the District Director. Nonetheless, the missing date is of little moment inasmuch as the thirty-day clock does not begin to run until a district director issues its computation of benefits and provides notice of the same to the parties.

August 12, 2022, over two and a half years after issuance of Judge Timlin's January 29, 2020, decision, and a year after the BRB's August 11, 2021, Order that the Director computed the amount of benefits payable to Mrs. Lester's Estate via letter, which was mailed to the parties on August 25, 2022. As made plain by 20 C.F.R. § 725.502(b)(2), issuance of a district director's computation of benefits "is a 'prerequisite required for [back-payment] benefits to become due.'" *Vialpando*, 2018 WL 5017754 at *4 (cleaned up) (quoting *Nowlin*, 331 F. Supp. 2d at 471). Accordingly, the benefits awarded to Mrs. Lester's Estate under both Judge Timlin's decision and the BLB's Order affirming the same became due on September 24, 2022, thirty days after "issuance of the district director's computation," which was mailed to the parties on August 25, 2022. 20 C.F.R. § 725.502(b)(2).[8]

Pursuant to 20 C.F.R. § 725.607(a), Defendants had until October 4, 2022, ten days after benefits became due, to pay the benefits owed to Mrs. Lester's Estate to avoid the 20% late penalty. Defendants timely paid all outstanding benefits owed to Mrs. Lester's Estate on September 2, 2022, thus discharging their legal obligations. Accordingly, imposition of the 20% late penalty under 20 C.F.R. § 725.607(a) is unwarranted, and Defendant is entitled to summary judgment on this ground.

---

[8] To the extent Plaintiff contends 20 C.F.R. § 725.502(b)(2) "is unconstitutional as applied to Plaintiff in this case," [ECF 39 at 3], the court declines to address such contention inasmuch as it was raised for the first time in Plaintiff's reply brief. *See Moseley v. Banker*, 550 F.3d 312, 325 n.7 (4th Cir. 2008) ("As a general rule, arguments not specifically raised and addressed in opening brief, but raised for the first time in reply, are deemed waived."); *Huskey v. Ethicon, Inc.*, 29 F.Supp.3d 736, 745 n.4 (S.D. W. Va. 2014) ("[A]n argument raised for the first time in a reply brief or memorandum will not be considered."). Moreover, "[t]he Court's power to find regulations invalid . . . is quite limited." *Nowlin*, 331 F. Supp. 2d at 476.

### C.      Attorney's Fees

Plaintiff next contends it is entitled to 20% additional compensation under 20 C.F.R. § 725.607(a) on Judge Timlin's April 26, 2022, Order, awarding Plaintiff attorney's fees and costs totaling $8,492.85 related to the proceedings before the OALJ inasmuch as Defendants did not pay the same until December 22, 2022.[9] Defendants contend the plain language of 20 C.F.R. § 725.607(a) does not apply to attorney fee awards. The Court agrees.

The 20% late penalty under § 725.607(a) applies to "any *benefits* payable under the terms of an award by a district director . . . , a decision and order filed and served by an administrative law judge . . . , or a decision filed by the Board or a U.S. court of appeals," which are not timely paid within ten days of becoming due. (Emphasis added). "Benefits" is defined as:

> [A]ll money or other benefits paid or payable under section 415 or part C of title IV of the Act on account of disability or death due to pneumoconiosis, including augmented benefits (see 725.520(c)). The term also includes any expenses related to the medical examination and testing authorized by the district director pursuant to § 725.406.

20 C.F.R. § 725.101(a)(6). The term "benefits" thus does not appear to include an award for attorney's fees and costs. While Plaintiff cites to *Hudson*, 2012 WL 386736 at *7 in support of its position that the 20% penalty applies to fee awards, *Hudson* does not so hold. The court in *Hudson* concluded the plaintiff therein was entitled to recover additional attorney's fees incurred in bringing his successful enforcement action before the district court, not that he was entitled to an additional 20% compensation on a previous fee award under § 725.607(a). *Id*. at *7. Accordingly, the Court declines to award Plaintiff 20% additional compensation on Judge Timlin's April 26, 2022, award of attorney's fees and costs.

_____

[9] The Court notes Judge Timlin's April 26, 2022, Order does not specify a date upon which such fees and costs were to be paid by Defendants. [*See* ECF 36-5].

## III.

Based upon the foregoing discussion, the Court **GRANTS** Defendants' Motion for Summary Judgment [**ECF 33**], **DENIES** Plaintiff's Cross Motion for Summary Judgment [**ECF-36**], **DENIES AS MOOT** Defendants' Motion to Suspend Scheduling Order Due to Pending Cross Motions for Summary Judgment [**ECF 44**], and **DISMISSES** this matter.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and any unrepresented parties.

ENTER: November 17, 2023



Frank W. Volk
United States District Judge