UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

CHRISTOPHER MARK LESTER
*on behalf of the Estate of*
Barbara Ann Lester,

      Plaintiff,

v.                                                    CIVIL ACTION NO. 5:22-cv-00324

CONSOLIDATION COAL COMPANY,
CONSOL ENERGY, INC., *insurer*,
ROBERT E. MURRAY,
JASON D. WITT, and
RONNIE D. DIETZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are (1) Plaintiff Christopher Mark Lester's Motion to Alter or Amend Judgment [Doc. 47] and accompanying Memorandum of Law [Doc. 48], filed December 15, 2023. Defendants Consolidation Coal Company ("Consolidation Coal") and CONSOL Energy, Inc. (hereinafter, together "Defendants") responded on December 22, 2023 [Doc. 49]. Mr. Lester replied December 29, 2023 [Doc. 50].

I.

On August 5, 2022, Christopher Lester, acting as administrator of the Estate of Barbara Ann Lester, instituted this action seeking to "enforce an award of federal black lung benefits -- specifically the award of back payment, penalties, interest, expenses, and fees involving

the Defendants' late payment of the Plaintiff's considerable sum of benefits in this matter." [Doc. 1 at 1 ¶ 1].

On June 14, 2023, Defendants filed a Motion for Summary Judgment [Doc. 33], and an accompanying Memorandum of Law [Doc. 34]. They asserted their benefit payments were timely under 20 C.F.R. § 725.607(a) and thus no 20% late penalty should be applied. [*See generally* Doc. 34].

On June 28, 2023, Plaintiff filed a Cross Motion for Summary Judgment and Memorandum of Law [Doc. 36, 37]. Plaintiff contended the benefits owed to the Estate were due July 1, 2018, 30 days after the Office of Workers' Compensation Programs ("OWCP") June 1, 2018, Proposed Decision and Order ("PDO"). [*See generally* Doc. 37].

On November 17, 2023, the Court granted [Doc. 45] Defendants' Motion for Summary Judgment [Doc. 33], denied Plaintiff's Cross Motion for Summary Judgment [Doc. 36], denied as moot Defendants' Motion to Suspend Scheduling Order Due to Pending Cross Motions for Summary Judgment [Doc. 44], and dismissed the matter. [Doc. 45]. As noted in the ruling, "[c]ontrary to Plaintiff's assertion . . . , the Director's June 1, 2018, PDO, is not an 'effective order' as defined by § 725.502(a)(2) inasmuch as a hearing before the [Department of Labor's Office of Administrative Law Judges ("OALJ")] was requested by Defendants." [*Id*. at 10].

On December 15, 2023, Plaintiff filed a Motion to Alter or Amend Judgment and an accompanying Memorandum of Law in Support [Doc. 47, 48]. Plaintiff sought reconsideration pursuant to *Federal Rule of Civil Procedure* 59(e) "[b]ecause the ALJ issued an effective order and the District Director had in fact computed the back-payment on June 1, 2018, Defendants' back-payment was not timely made and additional compensation should attach pursuant to 20 C.F.R. § 725.607(a)." [*Id*.].

On December 22, 2023, Defendants responded [Doc. 49]. Defendants contend Plaintiff's motion was without merit inasmuch as "it is clear that [Plaintiff] is simply . . . re-hashing . . . the earlier arguments made in support of its motion for summary judgment which was denied by the Court." [*Id*. at 3].

On December 29, 2023, Plaintiff filed a Reply to Defendants' Response in Opposition. [Doc. 50]. Plaintiff asserted Defendants "have attempted to conflate the date when the interest on back-payments becomes due with the date that the back-payment itself becomes due." [*Id*.].

## II.

Our Court of Appeals has held that a Rule 59(e) motion may be premised on one of three major grounds: (1) when there is an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) when there is a need to correct a clear error of law or prevent manifest injustice. *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). It has also consistently held that a Rule 59(e) motion may not be used as a vehicle to raise new arguments, reargue issues already presented to the court, or present new evidence that was available prior to trial. *See Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

## III.

Plaintiff raises neither an intervening change of law nor new evidence. Rather, urges the Court committed an "error of law." The Court quoted 20 C.F.R. § 725.607(a) in its earlier ruling:

Defendants had until October 4, 2022, ten days after benefits became due, to pay

3

> the benefits owed to Mrs. Lester's Estate to avoid the 20% late penalty. Defendants timely paid all outstanding benefits owed to Mrs. Lester's Estate on September 2, 2022, thus discharging their legal obligations. Accordingly, imposition of the 20% late penalty under 20 C.F.R. § 725.607(a) is unwarranted, and Defendant is entitled to summary judgment on this ground.

[Doc. 45 at 12]. Further, the Court noted, "[c]ontrary to Plaintiff's assertion . . . the Director's June 1, 2018, PDO is not an 'effective order' as defined by § 725.502(a)(2) inasmuch as a hearing before the OALJ was requested by Defendants. Accordingly, the back-payment benefits awarded by the District Director under the PDO did not become 'due' within 30 days after the issuance thereof." [*Id*. at 10-11]. Plaintiffs now contend in their post-judgment motion, however, that they are "seek[ing] a more limited but nonetheless significant clarification that once the ALJ issued an effective compensation order making benefits due -- where the District Director previously computed the amount of benefits and notified the Parties -- the Defendants' duty to make the back-payments became due thirty days after the issuance of the ALJ's Order." [Doc. 48 at 2 (citing 20 C.F.R. § 725.502(a)-(b))].

       As Defendants correctly note, it is clear "that the computation of benefits that must be performed by the District Director in order to make the payment of benefits become due [must come after] . . . the effective compensation order has been issued, not before as argued by the Plaintiff." [Doc. 49 at 4]. Thus, inasmuch as the first compensation order entered January 29, 2020, respecting the ALJ's decision -- and the District Director did not perform the computation until August 12, 2022 -- there was no clear error of law in holding benefits were due on September 24, 2022. Specifically, the District Director's June 1, 2018, computation of benefits in the PDO was "was performed before the issuance of 'any effective order requiring the payment of benefits' in this case, not after as required by the regulation." [*Id*.]. As the Court previously explained, the "regulations make clear a district director's PDO does not become 'effective' and thus start the

thirty-day clock after benefits have been computed by a district director" if a party, such as the Defendants here, requests a hearing before the OALJ. [Doc 45 at 8]. There is no basis for reconsideration.

Based upon the foregoing discussion, Court **DENIES** Plaintiff's Motion to Alter or Amend Judgment [**Doc. 47**].

The Clerk is directed to transmit a copy of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER:   May 28, 2024

Frank W. Volk
United States District Judge